827 P.2d 1133

**STATE of Arizona, Appellant,**

v.

**Voatress MULLEN, Jr., Appellee.**

No. 1 CA–CR 88–980.

Court of Appeals of Arizona, Division 1, Department C.

March 3, 1992.

Richard M. Romley, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellee.

## SUPPLEMENTAL OPINION

FIDEL, Presiding Judge.

In our original opinion, *State v. Mullen*, 168 Ariz. 246, 249, 812 P.2d 1064, 1067 (App.1990), we affirmed the trial court's decision to suppress the evidentiary products of an investigative detention. The defendant, seated at a bus stop, watched a police car pass in a way that caught the passing officer's attention. Because the officer's decision to return, question defendant, and request identification was not based upon a reasonable suspicion of criminal activity, but merely upon "suspicion in the air," we concluded that it did not meet the requirements of the Fourth Amendment to the United States Constitution. *Id.* at 247–48, 812 P.2d at 1065–66. Our supreme court denied review.

The United States Supreme Court granted the State's petition for a writ of certiorari, vacated the judgment, and remanded to this court in light of *Florida v. Bostick*, — U.S. —, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). *Arizona v. Mullen*, — U.S. —, 112 S.Ct. 576, 116 L.Ed.2d 602 (1991). It is plain after *Bostick* that a majority of the Supreme Court no longer concludes that the Fourth Amendment requires reasonable suspicion as a premise for an investigative stop. The Court there wrote:

> [A] seizure does not occur simply because a police officer approaches an individual and asks a few questions. So long as a reasonable person would feel free 'to disregard the police and go about his business,' ... the encounter is consensual *and no reasonable suspicion is required.*

*Id.* 111 S.Ct. at 2386 (emphasis added) (citations omitted).

Our initial decision was premised entirely, and the trial court's order of suppression was premised at least substantially, on the absence of reasonable suspicion. Accordingly, remand is required. The Fourth Amendment question narrows upon remand to whether, when the defendant complied with the officer's request for identification, the encounter was coercive or consensual. *See id.* at 2386–89. The Supreme Court wrote in *Bostick:*

[I]n order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter.

*Id.* at 2389.

We vacate the trial court's suppression order and remand for reconsideration pursuant to *Bostick.* As in our initial opinion, we do not address application of article 2, section 8, of the Arizona Constitution as that issue was not raised by the parties.

EUBANK, J., concurs.

GERBER, Judge, specially concurring,

I concur in this result only because the newly-constituted Supreme Court of the United States has mandated it under *Bostick.* Our duty to follow its decisions does not include a duty to praise it for now deviating from what that same Court, or at least that same institution, wrote a few years prior to *Bostick:*

> [E]ven assuming that [the purpose of crime prevention] is served to some degree by [an officer's] stopping and demanding identification from an individual without any specific basis for believing he is involved in criminal activity, the guarantees of the Fourth Amendment do not allow it. When such a stop is not based on objective criteria, the risk of arbitrary and abusive police practices exceeds tolerable limits.

*Brown v. Texas,* 443 U.S. 47, 52, 99 S.Ct. 2637, 2641, 61 L.Ed.2d 357 (1979).